Judge Hellerstein

07 CIV 8781

FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRISTOL INVESTMENT FUND, LTD.,

                Plaintiff,

-against-

NAYNA TECHNOLOGIES, INC.

                Defendant.

07 Civ.

COMPLAINT

---

Plaintiff Bristol Investment Fund, Ltd., by its attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, for its Complaint, allege:

### The Parties

1. Plaintiff Bristol Investment Fund, Ltd. ("Bristol") is a company organized under the laws of the Cayman Islands, with its principal office in George Town, Grand Cayman, Cayman Islands.

2. Defendant Nayna Technologies Inc. ("Nayna") is a corporation organized under the laws of Nevada, with its principal place of business in Santa Clara, California. The common stock of defendant is registered with the Securities and Exchange Commission and its shares are publicly traded under the symbol "NAYN.OB."

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because this is a dispute between citizens of a state and citizens of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and (2). In addition, all parties have consented to venue pursuant to their written agreements.

554914-1

### Plaintiff's Investment in Nayna

5. In November 2005, defendant Nayna entered into Securities Purchase Agreement with plaintiff and other investors, pursuant to which it sold Callable Secured Convertible Notes (the "Notes") in the form annexed as Exhibit A.

6. On or about November 17, 2005, for good and valuable consideration, plaintiff received a Note maturing on November 17, 2008, in the principal amount of $100,000 (the "First Note").

7. In December 2005, plaintiff received a second note, on substantially the same terms, also in the principal amount of $100,000 (the "Second Note").

### Defendant's Breach of the Note Agreement

8. On or about February 26, 2007, plaintiff delivered a Notice of Conversion to defendant in the principal amount of $27,175 entitling plaintiff to 2,148,221 shares of common stock. Under the terms of the First Note, defendant was obligated to deliver shares of its stock within three (3) trading days, *i.e.* by March 1, 2007. Defendant failed to deliver such shares.

9. As a result of defendant's breach of the First Note, plaintiff has suffered monetary damages. Under the terms of the First Note, defendant was obligated to deliver shares of stock on the third trading day after the Notice of Conversion. On this date, March 2, 2007, shares of Nayna closed at $0.14 per share. The shares that were due plaintiff therefore had a value in excess of $300,000.

10. In addition, commencing two business days after the deadline for delivering shares, defendant became obligated to pay plaintiff as partial liquidated damages, the sum of $1,000 per day for each day the shares were not delivered, until such non-delivery was cured.

554914-1

These partial liquidated damages have continued to grow since March 5, 2007 and now total in excess of $200,000.

## First Claim for Relief

11.     Plaintiff restates the allegations in paragraphs 1 through 10 above.

12.     As a direct and proximate result of defendant's breach of the First Note, plaintiff has suffered damages in an amount to be determined at trial, but believed to exceed $300,000.

13.     In addition, pursuant to the terms of the First Note, plaintiff is entitled to recover its attorney's fees.

## Second Claim for Relief

14.     Plaintiff restates the allegations in paragraphs 1 through 10.

15.     Pursuant to Section 1.4(g) of the First Note, plaintiff is entitled to recover partial liquidated damages arising from defendant's failure to deliver securities on a timely basis. Specifically, plaintiff is entitled to recover partial liquidated damages in the amount of $1,000 from March 5, 2007, through the date that plaintiff is paid in full.

16.     In addition, pursuant to the terms of the First Note, plaintiff is entitled to recover its attorney's fees.

WHEREFORE, plaintiff prays that the Court enter judgment as follows:

    A     Awarding plaintiff compensatory damages for defendant's breach of the First Note arising from its failure to deliver securities to plaintiff in an amount to be determined at trial, but believed to exceed $300,000;

    B     Awarding plaintiff partial liquidated damages pursuant to the terms of the First Note in the amount of $1,000 from March 5, 2007, through the date that plaintiff is paid in full;

554914-1

  C  Awarding plaintiff its reasonable attorneys fees;

  D  Granting such other and further relief as the Court deems just and proper.

Dated: New, York, New York
   October 11, 2007

              OLSHAN GRUNDMAN FROME
              ROSENZWEIG & WOLOSKY LLP

            By: _____
               Thomas J. Fleming (TF4423)
               *Attorneys for Plaintiffs*
               Park Avenue Tower
               65 East 55th Street
               New York, New York 10022
               (212) 451-2300